IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN ALLEN HICKEY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-420-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed

by Petitioner, Steven Allen Hickey, a state prisoner confined in the Correctional Institutions Division

of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ,

Respondent.  After considering the pleadings and relief sought by Petitioner, the Court has concluded

that the petition should be denied.

## I.  BACKGROUND

Petitioner is serving a fifteen-year sentence on his 2008 Kaufman County conviction for

possession of a controlled substance in Case No. 23184-86.  Adm. R., Writ, 37,490-02, 6, ECF No.

8-2.  On January 23, 2014, Petitioner was denied release to mandatory supervision by the Texas

Board of Pardons and Paroles (the Board) pursuant to § 508.149(b) of the Texas Government Code.[1]

*Id.* at 46.  The record reflects the Board gave Petitioner notice that he was to be considered for

mandatory supervision and an opportunity to submit information in favor of his release on November

12, 2013, notified Petitioner in writing that he was denied supervised release and the reasons for its

___

[1] According to TDCJ's website, Petitioner has since been denied release to mandatory supervision by the
Board on January 26, 2015, and his next review is scheduled for January 2016.

denial on January 23, 2014, and informed Petitioner that his next review date was set for January 2015. *Id.*; Resp't's Answer Ex. A, ECF No. 9. The Board denied Petitioner's release for the following reasons:

> One or more components indicated in each paragraph listed below may apply, but only one is required.
>
> 9D1-  The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
>
> 9D2.  The record indicates that the inmate's release would endanger the public.
>
> 1D.  The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor offenses.
>
> 10D.  Other - 10D-Extensive criminal history

Adm. R., Writ, Writ, 37,490-02, 46, ECF No. 8-2.

Petitioner sought administrative relief *via* a "Petition for Special Review" to no avail and filed a state habeas-corpus application challenging the Board's decision, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Id.* at 48-50 & "Writ Denied Notice," ECF No. 8-3. This federal petition followed.

Petitioner claims the Board "erroneously arrived at their decision to deny Petitioner's release to mandatory supervision by means of misapplication of law under . . . the Texas Mandatory Supervision statutes." Pet. 6, ECF No. 1. According to Petitioner, the Board's decision is vague and ambiguous because–

> the denial notice contains a list of multiple choice components, most of which do not apply to Petitioner's personal predicament, never fully arriving at a definite conclusion, leaving Petitioner only to speculate. The Board offers nothing which would afford inmate as to where he falls short and what he may need to address upon his next review to hopefully gain a favorable vote.

2

Pet'r's Mem. 3, ECF No. 2.  Petitioner also asserts that the Board misapplied the statute in a discriminatory and arbitrary fashion in light of "the accumulation of flat time, work time and good time earned credits awarded through good conduct, academic achievements and the fulfillment of his Institutional Treatment Plan" while incarcerated.  *Id.* at 4-5.

## II.  RULE 5 STATEMENT

Respondent believes that the petition is neither time-barred nor successive and that Petitioner has exhausted his administrative and state-court remedies as required under 28 U.S.C. § 2254(b). Resp't's Answer 3, ECF No. 9.

## III.  DISCUSSION

The Texas mandatory-supervision statute provides that "a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX GOV'T. CODE ANN. § 508.147(a) (West 2012).  However,

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>
>> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>>
>> (2) the inmate's release would endanger the public.
>
> (c) A parole panel that makes a determination under Subsection (b) shall specify in writing the reasons for the determination.

*Id.* § 508.149(b)-(c) (West Supp. 2014).

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief.  *Narvaiz v. Johnson,* 134 F.3d 688, 695 (5th Cir. 1998).

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of a petitioner's sentence must arise from state law. The Fifth Circuit has held that Texas's mandatory-supervision scheme does create a constitutional expectancy of early release for eligible inmates and, as such, a protected liberty interest entitling an inmate to minimum due process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000).

Toward that end, the Texas Court of Criminal Appeals has determined that, in this context, constitutional due process requires that an eligible inmate be provided timely notice of the specific month and year he will be considered for mandatory supervision release and a meaningful opportunity to be heard–*i.e.,* an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Ex parte Geiken,* 28 S.W.3d at 560.

Petitioner was given timely notice that he would be considered for mandatory supervision release, an opportunity to present or have presented evidence to the Board in support of his release, the reasons for the Board's denial, and the month and year he would be next considered. Accordingly, he received all the due process he was due. The Board is not required to provide specific reasons for its decision. *Boss v. Quarterman,* 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from

4

the Parole Board's Directives").  Nor has Petitioner shown that the Board denied his release on mandatory supervision because of any purposeful discrimination or any impermissible motive, such as race.  *See Johnson v. Rodriguez*, 110 F.3d 299,  306-08 (5th Cir. 1997).

## IV.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.  Further, for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 18th day of November, 2015.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**